IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HOOVER REYNOLDS, # 133254,      )
                              )
         Petitioner,         )
                              )
     v.                     )    Civil Action No. 2:16cv791-WKW
                              )           [WO]
LEON BOLLING, *et al.*,      )
                              )
         Respondents.     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Hoover Reynolds's ("Reynolds") petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. No. 1. Reynolds challenges the state trial court's denial of his motion for reduction of sentence under § 13A-5-9.1, Ala. Code 1975.

## I.   INTRODUCTION

In 1984, Reynolds was sentenced as a habitual offender to life in prison without parole by the Circuit Court of Montgomery County after he was convicted of first-degree robbery. Reynolds's conviction and sentence were affirmed on direct appeal. In the ensuing years, Reynolds filed several unsuccessful federal habeas petitions challenging his conviction and sentence.[1]

In August 2007, Reynolds filed with the state trial court a motion for reduction of sentence under § 13A-5-9.1, Ala. Code 1975. Doc. No. 7-3 at 4–12. In *Kirby v. State*, 899

---

[1] *See, e.g., Reynolds v. Johnson, et al.,* Civil Action No. 2:86cv516 (M.D. Ala. 1988); *Reynolds v. Jones, et al.*, Civil Action No. 2:88cv1127 (M.D. Ala. 1990); *Reynolds v. McDonnell, et al.,* Civil Action No. 2:05cv448 (M.D. Ala. 2005).

So.2d 968, 971–72 (Ala. 2004), the Alabama Supreme Court discussed which inmates were

eligible to seek sentence reductions under § 13A-5-9.1:

> Reading § 13A-5-9.1 in conjunction with § 13A-5-9 [Alabama's Habitual Felony Offender Act ("HFOA")], it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders.

> We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated.

899 So. 2d at 974.

There are three threshold requirements for eligibility to have a sentence reduced

under § 13A-5-9.1:

> (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2); and (3) the inmate is a "nonviolent convicted offender." An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1.

*Holt v. State*, 960 So. 2d 726, 734 35 (Ala. Crim. App. 2006).

2

On March 19, 2007, the trial court entered an order denying Reynolds's motion for reduction of sentence under § 13A-5-9.1.  Doc. No. 7-3 at 32–35.  Reynolds appealed, and on September 21, 2007, the Alabama Court of Criminal Appeals issued a memorandum opinion holding that the trial court's denial of Reynolds's § 13A-5-9.1 motion was proper because Reynolds did not meet the threshold requirements for a sentence reduction.  Doc. No. 7-6.

Reynolds waited until September 22, 2016, to file this § 2254 petition challenging the trial court's denial of his § 13A-5-9.1 motion.  In his petition, Reynolds argues that the trial court's denial of his motion for reduction of sentence constituted a denial of due process and equal protection of the law.  *See* Doc. No. 1 at 6–7.  Reynolds's petition constitutes a successive § 2254 petition challenging his underlying sentence to life without parole, and it is subject to summary dismissal because it was filed without the required appellate court authorization.

## II.  DISCUSSION

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that

3

the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2]   28 U.S.C. § 2244(b)(3)(B) & (C).

This court's records reflect that Reynolds has filed at least three previous habeas petitions under 28 U.S.C. § 2254 challenging his 1984 robbery conviction and sentence of life without parole. The first such petition was filed in 1986 and was dismissed with prejudice. *See Reynolds v. Johnson, et al*., Civil Action No. 2:86cv516 (M.D. Ala. 1988).

The Eleventh Circuit deems an Alabama inmate's petition for writ of habeas corpus under 28 U.S.C. § 2254 that challenges a trial court's denial of an inmate's motion for reduction of sentence under § 13A-5-9.1 as an attack on the inmate's underlying conviction and sentence, and has held that such § 2254 petitions constitute successive petitions where

---

[2] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

4

the inmate has filed a previous habeas petition challenging the same underlying conviction and sentence. *See Malloy v. Warden, Attorney General State of Alabama*, Case No. 16-13198 (11th Cir. Dec. 9, 2016) (Order) [Doc. No. 37, *Malloy v. Davenport, et al.,* Civil Action No. 2:13cv784-WHA (M.D. Ala. 2010)]. Consequently, such § 2254 petitions—like the instant one filed by Reynolds—are subject to the requirements of 28 U.S.C. § 2244(b)(1)–(3).

Reynolds furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive application for habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Reynolds] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles,* 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.

Regardless, even if Reynolds's § 2254 petition were not successive, his claims entitle him to no relief. Reynolds claims that the trial court's denial of his motion for reduction of sentence constituted a denial of due process since, he says, he met the criteria for a reduction under § 13A-5-9.1. Doc. No. 1 at 6–7. Under § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant

to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(A).  "A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."  *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983).  The Eleventh Circuit has held that entitlement to a sentence reduction under § 13A-5-9.1 is purely a question of state law for which federal habeas relief is unavailable.  *Curry v. Culliver*, 141 F. App'x 832, 834 (11th Cir. 2005).  Reynold's sentence reduction claim "is purely a question of state law" and, as such, provides no basis for federal habeas corpus relief.  *Id.*

Reynolds also fails to state an equal protection claim.  To establish a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.  *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986) (per curiam)."  *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . .  Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker . . . selected . . . a particular course of action at least in part "because of," not merely "in spite of," its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  Evidence

6

that merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987)).

Reynolds fails to meet his pleading burden, as he does not contend that the state court subjected him to adverse treatment based on some constitutionally impermissible reason—nor, in his motion for reduction of sentence under § 13A-5-9.1, did he identify any other similarly situated inmate who received more favorable treatment from the state court. In short, Reynolds fails to set forth a viable equal protection claim.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

    1. The petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED.

    2. This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3) because Reynolds has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive § 2254 petition and this court therefore lacks jurisdiction to consider the petition, and even if the § 2254 petition is not successive, Reynolds's claims entitle him to no relief.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before July 2, 2018. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and

recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th  Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 18th day of June, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge

8